Price, J.
The foregoing statement is a ’ history of a controversy which seems to have troubled and perhaps confused the trial court. The course of procedure adopted to. reach a final judgment was, in some respects heroic, but we fear that it is tainted with serious error.
The issues joined were clearly made up so that important questions of fact were in dispute by the pleadings, and it has not been suggested in brief or oral argument, that the defendant company was entitled to judgment on the pleadings. Both parties produced the evidence to the jury, and when it was closed the defendant moved for an instructed verdict which was denied. Counsel and the trial court recognized that there were disputed facts in the case for consideration of the jury; — counsel by formulating written charges to be -given supposed to bear on the line of controversy. The plaintiff desired instructions to the effect that it was incumbent on the defendant to show that the injury to the goods is within the terms of exemption contained in the bill of lading; that it resulted from causes beyond its control, and further that proper care, and skill were exercised by defendant to prevent such loss or injury; that defendant was free of negligence contributing to the loss. On behalf of the railroad company, the court was requested to and did charge on the subject of unprecedented floods, the act of God seen therein, and the jury were charged as to how the facts should appear to make out that special defense.
And in the general charge the court said: “whether in this case such ordinary and reasonable *181 care were not used by the defendant and whether the loss, if any, resulted therefrom are questions for you to determine from all the facts and circumstances proved in the trial.” In the ample charge the jury were instructed how to apply the evidence of the parties. All these steps taken by counsel and recognized by the court, indicate that material facts were in dispute.
Under these instructions the jury found for the plaintiff below and assessed damages. On the day verdict was returned the railroad company moved for judgment non obstante veredicto, and the next day filed a motion for new trial. All this occurred during the September term, 1908. Silence seemed to prevail until the 18th day of January, 1909, when the above motions were taken up and the court'being obsessed of its plenary powers, sustained the motion for judgment and overruled the motion for new trial, and thus the plaintiff below was sent out of court with a judgment for costs on his head.
The court found it had erred in not granting the motion for a directed verdict, but recognized that it was without power to reverse that decision, and it was not reversed. The motion for new trial furnished another legal opportunity to pass on all the facts disputed and undisputed, where sound discretion may be exercised, but that was overruled.
We are not so far convinced of the unlimited powers of a trial court, that we can, after what had become a part of the record,, sanction a judgment upon what was alleged to be “undisputed facts.” Such a view trenches upon the solemn *182 rulings of the court both preceding and concurrent, and we find no justification in practice or code for such a judgment. In fact the law condemns it.
There are somewhat well established unwritten rules of practice as to minor details of a trial, but they must conform to and not override the written code, for in it is found the general course of procedure at and throughout a trial, and the disposition of the rights of the parties until final judgment. This, the legislature in adopting the code, regarded as the better guarantee of an orderly and fair trial.
To this end we have Section 5327, Revised Statutes, to-wit: “When the verdict is special, or when there is a special finding on particular questions of fact, or when the case is reserved, the court shall order what judgment shall be entered.” The preceding section defines the duty of the clerk as to entering a judgment on a verdict and when the same shall be entered with respect to the filing of a motion for new trial.
Next we have Section 5328, Revised Statutes, which, as we think, controls the present case: “When, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against such party.” It may happen that for lack of a test of the pleadings by demurrer or otherwise, the correct view of the statements in the pleadings may not have been taken by the trial court, or its attention challenged thereto whereas after the *183 conflict to a jury is over, and all the light of the trial is reflected upon the pleadings, it becomes apparent that the verdict rendered has no foundation in the statements of the pleadings; or, that they demand that the judgment should go to the other party. In such case the court may render the proper judgment. The kind of judgment rendered by the trial court in this case has been considered by this court in at least two cases.
’ Challen v. Cincinnati, 40 Ohio St., 113, was a case for damages caused by change of street grade. There was a verdict for the plaintiffs against the city and it moved for a new trial, to which plaintiffs consented. The city then withdrew said motion and filed another, calling it a motion “in arrest of judgment and for judgment for the defendant on the pleadings.” The court entered upon the journal, against the objection and exception of the plaintiffs, the words: “it appearing to the court that by the admission of plaintiffs upon the trial they were not the owners of the premises at the time the work was done,” etc., and taking that entry with the pleadings, sustained the city’s motion and dismissed the action at plaintiffs’ costs. The district court affirmed the judgment, but when considered by this court it was held: “An admission made during the jury trial not incorporated into the pleadings, was only a part of the evidence, and has no place in the record except in a bill of exceptions. Hence, the statement of the journal must be disregarded. On such a motion the court could only look at the pleadings.” In the instant case *184 the trial court wholly ignored the pleadings and acted on what the entry calls “undisputed facts appearing of record.”
If a confession or admission at a trial and in open court relating to such an important matter as ownership of the lots alleged to have been damaged, cannot be considered in connection with a motion for judgment on the pleadings, much less is a court authorized to wholly ignore the pleadings and render a judgment directly in the face of a jury verdict. A similar question came to this court in McCoy et al., Trustees, v. Jones et al., 61 Ohio St., 119. The suit in common pleas was on a promissory note payable to a lodge one day after date, and signed “Thomas Jones— J. Frock.” Payments of interest had been made. Jones made default and Frock filed an answer setting up that he was merely surety on the note and that without his knowledge or consent there had been an extension of time of payment. Other contracts of extension were pleaded in the answer. The issues were tried to a jury and a verdict returned against Frock for the amount due on the note. He filed a motion for a new trial, which, as was done in our case, was overruled, and he also filed a motion in arrest of judgment, of which the following is a part: “and moves the court, upon the statements 'in the pleadings and record herein, to arrest judgment on the verdict in this action against said Jeremiah Frock in favor of the plaintiffs, as by the same be is in law entitled to judgment against said plaintiffs * *
*185 The trial court overruled the motion. On error the circuit court reversed the judgment of the common pleas and directed it to sustain the motion, whereupon the case came to this court on error respecting the above motion and perhaps another question of practice.
The holding of this court is clearly stated in the second paragraph of the syllabus, to-wit: “Courts are confined to a consideration of the statements in the pleadings in disposing of a motion for judgment notwithstanding the verdict, under Section 5328, Revised Statutes. The record outside of the statements in the pleadings should not be considered in disposing of such motion.” What the court say on pages 129-30 is very appropriate here, as the reasons for the ruling made plain.
In the case at bar, the above positive rule was violated, because the trial court went outside of the pleadings and rendered judgment on what the entry calls “undisputed facts.” It is unnecessary to pursue this subject further, in the light of the foregoing adjudications of the question.
The circuit court decided correctly in reversing the judgment of the court of common pleas, and the judgment of reversal is affirmed, and cause remanded to the court of common pleas for other and further proceedings according to law.

Judgment affirmed.

Spear, C. J., Johnson and Donahue, JJ., concur.
Davis and Shauck, JJ., dissent.